STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HORACE L. DILLINGHAM, PLAINTIFF IN ERROR.

Submitted February 15, 1946—Decided April 25, 1946.

For the plaintiff in error, *Benjamin N. Ratner.*

For the defendant in error, *William A. Wachenfeld* and *C. William Caruso.*

The opinion of the court was delivered by

BODINE, J. The plaintiff in error was convicted because of a violation of *R. S.* 2:105–1. The conviction was affirmed in the Supreme Court.

It is argued that a telephone conversation between a Mrs. V. and the plaintiff in error should not have been received in evidence. The proofs show that his voice was recognized by

the witness; hence the testimony was admissible. *Smarak* v. *Segusse,* 91 *N. J. L.* 57.

The court could not have directed an acquittal. There was ample evidence from which the jury could find a legitimate inference of guilt. *State* v. *Bricker,* 99 *N. J. L.* 521; *State* v. *Sgro,* 108 *Id.* 528.

There was no objection to Mrs. V.'s testimony that the plaintiff in error had performed an abortion upon her. We repeat what was said in *State* v. *Schroeder,* 125 *N. J. L.* 87 (at *p.* 88), where the same point was made: "While it is true that under our act concerning Criminal Procedure (section 136, *R. S.* 2:195–16), a judgment may be reversed because evidence has been accepted or rejected 'whether objection was made thereto or not,' it is also true that there has not been a reception or rejection of evidence in the statutory sense unless the evidence in question has been admitted or rejected under judicial ruling. *State* v. *Warady,* 77 *N. J. L.* 348; *affirmed,* 78 *Id.* 687; *State* v. *Sweet,* 81 *Id.* 250; *State* v. *Lockman,* 83 *Id.* 168. Here there was no 'admission' of the testimony in the sense of the statute, *supra,* because in the absence of objection by plaintiff in error the court did not rule on the matter nor was it asked to do so." As to the admissibility of such evidence as tending to show intent see *State* v. *Sturchio,* 130 *Id.* 259; *affirmed,* 131 *Id.* 256.

The verdict was not against the weight of evidence and such contention is frivolous.

All other points argued have been considered but require no further treatment.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, COLIE, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.

*For reversal*—None.